■ In the Matter of DORIS SHUPACK, Petitioner, v DAYTON TOWERS CORP. et al., Respondents. [610 NYS2d 783] —Determination of the respondents Dayton Towers Corp. and the New York City Department of Housing Preservation and Development, which issued a certificate of eviction upon a finding that

the petitioner's occupancy of the subject premises was in violation of title 28 of the Rules of the City of New York, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to the Supreme Court, Appellate Division, Second Department by order of the Supreme Court, Queens County [Angelo Graci, J.], dated December 12, 1991 and entered on or about December 27, 1991), is unanimously dismissed, without costs.

This proceeding, denominated an appeal, was transferred to this Court by order of the Appellate Division, Second Department dated December 27, 1993. Upon our review of the record, we find that there was substantial evidence supporting the administrative findings that petitioner did not establish that she had resided in the subject apartment as a primary residence with her father for at least two years prior to his death and has appeared on income affidavits for at least two consecutive annual reporting periods immediately prior to his death and that she was therefore not entitled to rights of succession in the apartment (see, 28 RCNY 3-02 [p] [3]). The within petition must therefore be denied and the transferred proceeding dismissed. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ.